**UNITED STATES of America**

v.

**Raymond LEMIEUX, Della Lemieux and Jose Bruno–Roman a/k/a Jose Moya, Defendants.**

**Criminal No. 05–104–P–H.**

United States District Court, D. Maine.

May 25, 2006.

Renee M. Bunker, Office of the U.S. Attorney, District of Maine, Portland, ME, for Plaintiff.

Gail M. Latouf, Westbrook, ME, Peter E. Rodway, Rodway & Horodyski, J. Hilary Billings, Law Office of J. Hilary Billings, Portland, ME, for Defendant.

**ORDER ON GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO SEVER TRIAL**

HORNBY, District Judge.

The government asks that I reconsider the *Crawford* ruling in my Order of April 25, 2006. In what was then a three-defendant case, I ruled that the nature of certain testimonial statements that the government proposed to offer at trial was such that a limiting jury instruction would not avoid *Crawford* error as to codefendants. *United States v. Lemieux,* No. 05–104–P–H, 2006 WL 1080746, at *2 (D.Me. Apr. 25, 2006) (Order on Motions to Sever Trial) (citing *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). I therefore ordered that one defendant be severed (I allowed the government to choose which defendant) and that the other two defendants be tried simultaneously in one courtroom before two juries. At such a trial, when a testimonial statement by one of the defendants was offered, then the other jury trying the other defendant would be excused from the courtroom so as not to hear that statement, thus avoiding the potential of *Crawford* error. *Id.* But the government disagrees with my ruling that a curative instruction would be insufficient and therefore has moved for reconsideration.

In the meantime, however, one of the three defendants (Raymond Lemieux)

pleaded guilty. As a result, there are only two defendants (Della Lemieux and Jose Bruno–Roman) remaining for trial, there is no need for severance, and a single trial before two juries as described above will avoid any *Crawford* issue. Although the government has couched its motion so as to object to both severance and multiple juries, I do not see how the government seriously can claim any prejudice as to the single trial with two juries. Indeed, that procedure will obviate the need to redact the remaining defendants' statements to avoid *Bruton* error, and permit the jury to hear the actual words of the defendant against whom a statement is offered. See *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In other words, I believe that I have the authority to order a two-jury trial, see *United States v. Lebron–Gonzalez*, 816 F.2d 823, 831 (1st Cir.1987) ("We see nothing in this case indicating an abuse of discretion by the court in impaneling two juries—who were at all times kept segregated from each other. Indeed, resort to this measure was a way of minimizing any prejudice from jointly trying the defendants."), regardless of the correctness of my earlier *Crawford* ruling, and I choose to do so. Although I believe that the government has over-read the scope of my previous ruling about when a *Crawford* curative instruction is insufficient, it is unnecessary now to revisit the substance of that ruling either to affirm or to reject it. Instead, the appropriate response is to **V ACATE** that part of the previous Order that reasoned that a curative instruction would not suffice and that ordered severance based on that premise. But the two-jury trial of the two remaining defendants will go forward in one courtroom.

So ORDERED.