**UNITED STATES of America,**

v.

**Michael PELLETIER,
et al., Defendants.**

**No. CR–06–58–B–W.**

United States District Court,
D. Maine.

June 18, 2007.

---

Matthew S. Erickson, Law Office of Stephen C. Smith, Richard L. Hartley, Law Office of Richard Hartley, Bruce C. Mallonee, Rudman & Winchell, Brett D. Baber, Law Office of Brett D. Baber, Wayne R. Foote, Law Office of Wayne R. Foote, Bangor, ME, Daniel G. Lilley, Karen E. Wolfram, Daniel G. Lilley Law Offices, P.A., Portland, ME, for Defendants.

Joel B. Casey, Office of the U.S. Attorney, District of Maine, Bangor, ME, Donald E. Clark, U.S. Attorney's Office, District of Maine, Portland, ME, for Plaintiff.

### ORDER ON MOTIONS TO SEVER

WOODCOCK, District Judge.

Exercising its discretion, the Court grants the Defendants' motion to sever and orders a separate trial for Michael Pelletier and a second trial for the remaining Defendants.

## I.  STATEMENT OF FACTS

On September 7, 2006, the grand jury returned a sixteen-count indictment against Michael Pelletier, Michael Easler,[1] Ben Dionne,[2] John Pascucci, Raymond Fogg, and Anthony Caparotta. Mr. Pelletier is implicated in most counts—thirteen in all.[3] *Indictment* (Docket # 1). Three

---

1. Mr. Easler was charged under Counts I, II, V, VI, VII, VIII, IX, but pled guilty to those charges on March 27, 2007. *See Minute Entry* (Docket # 202). He is awaiting sentencing.

2. Mr. Dionne is currently a fugitive.

3. These charges include: conspiracy to import marijuana (Count I); conspiracy to distribute and possess with the intent to distribute marijuana (Count II); engaging in monetary transactions in property derived from unlawful activity (Counts III, IV, V, VI, XII); violation of the reporting requirements relating to currency received in nonfinancial

defendants—Mr. Pascucci, Mr. Caparotta, and Mr. Dionne—are charged only under Count II, which alleges a conspiracy to distribute and possess with the intent to distribute a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). *Indictment* at 2. Mr. Fogg is included in Count II, but also faces the charge in Count XVI, alleging that he engaged in Social Security fraud in violation of 42 U.S.C. §§ 423 and 408(a)(4).

Michael Pelletier, John Pascucci, and Raymond Fogg have each moved to sever. On April 24, 2007, the Court held a hearing on these motions, at which it orally indicated that severance was proper. The Government expressed its preference to try all defendants at once, but have two juries impaneled—one to try the case against Mr. Pelletier; the other to try the case against Messrs. Caparotta, Fogg, and Pascucci. The Defendants, on the other hand, prefer separate trials. The Court invited the parties to file supplemental briefs focusing attention on the issue of how to proceed at trial.

## II. DISCUSSION

### A. Motions to Sever

The First Circuit has stated that the "default rule is that defendants who are indicted together should be tried together." *United States v. Molina*, 407 F.3d 511, 531 (1st Cir.2005). This rule, however, is subject to some exceptions. *Id.* Severance is governed by Rule 14 of the Federal Rules of Criminal Procedure:

(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

(b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

FED.R.CRIM.P. 14; *see also United States v. Trainor*, 477 F.3d 24, 37 (1 st Cir.2007) ("The trial court has the discretion both to sever counts to avoid prejudice and to order that separate cases be tried together as though brought in a single indictment . . . if all offenses and all defendants could have been joined in a single indictment.") Here, the Defendants have requested to sever the Defendants' trials because they claim a joint trial would prejudice them.

### B. *Bruton v. United States*

In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that the admission of a defendant's confession that inculpated his co-defendant violated that co-defendant's Sixth Amendment right of cross-examination. *Id.* at 126, 88 S.Ct. 1620 (noting that the confession or statement must be "powerfully incriminating").[4] The Court cited in support the Advisory Committee of the Federal Rules, which published the following note two years prior: "A defendant may be prejudiced by

---

trade or business (Count VII); money laundering (Count X and XI); and social security fraud and conspiracy to engage in security fraud (Count XIII, XIV, XV).

4. Bruton and his co-defendant, Evans, were tried jointly for armed postal robbery. At the trial, a postal inspector testified that Evans orally confessed to him that he and Bruton committed the armed robbery. Both defendants were convicted, and Bruton argued on appeal that this evidence should have been deemed inadmissible. The Court held that the admission of Evans' confession violated Bruton's right of cross-examination under the Sixth Amendment. *Id.* at 126, 88 S.Ct. 1620.

the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand. Limiting instructions to the jury may not in fact erase the prejudice." FED. R.CRIM.P. 14 advisory committee's note (1966).

Here, there are potential *Bruton* problems if all defendants are tried before the same jury. The Government represented that it will call law enforcement agents who will testify that Mr. Caparotta and Mr. Fogg made statements that incriminate Mr. Pelletier. If Messrs. Caparotta and Fogg exercise the right not to testify, Mr. Pelletier's Sixth Amendment rights would be compromised because he would be unable to cross-examine them. This *Bruton* problem requires that the Pelletier trial be severed from the Caparotta and Fogg trials.

## C. Conduct of Trial

The next question is whether to hold two separate trials or to hold one trial with two juries.

### 1. Defendants' Position

■ The Defendants argue for two entirely separate trials—one for Mr. Pelletier and one for Messrs. Caparotta, Fogg, and Pascucci. They cite several reasons.

First, Mr. Pascucci argues that a joint trial is inappropriate because some evidence admissible against Mr. Pelletier is not admissible against him, and the admission of that evidence in his trial would be irrelevant and prejudicial. He asserts that, because Mr. Pelletier is charged with being part of a separate conspiracy—to import marijuana into the United States—and certain other crimes, holding a joint trial would be prejudicial to Mr. Pascucci, who is only charged with the conspiracy to distribute. He contends: "Without separate trials the risk of taint, prejudice, and the jury improperly considering inadmissible evidence as to defendants Pascucci, Fogg and Caparotta is too great." *Def. John Pascucci's Reply to Gov't Supp. Mem. Regarding Severance* at 1 (Docket # 215) (*Pascucci Reply* ); *see also United States v. Baker,* 98 F.3d 330, 335 (8th Cir.1996).[5]

Second, Mr. Pascucci contends that there is the danger of "guilt by association"—that is, if evidence as to the importation conspiracy is admitted at his trial, he will be convicted "based on evidence of a crime he is not even accused of committing." *Pascucci Reply* at 8. He further argues that the "Government is transparently attempting to piggy back a strong case against Mr. Pelletier for importation with a weak case of distribution of multipounds of marijuana against Pascucci, Fogg and Caparotta."[6] *Id.* at 9. He argues that, under a Rule 403 analysis, "any probative value[ ] of the importation evidence . . . is also highly outweighed by its prejudicial effects." *Id.* at 8.

Finally, Mr. Pelletier contends that a joint trial is inappropriate because of the logistical challenges that would attend the empanelment of two juries in the same courtroom, along with four defendants with counsel and co-counsel. *Def. Michael*

5. Without more detail or the ability to put the evidence into its proper context, the Court declines to speculate whether evidence about marijuana importation would be admissible against Mr. Pascucci.

6. The Court is unconvinced. Juries are commonly charged with the task of separating out evidence among different defendants in cases substantially more complex than this case. Further, these three lesser charged defendants would have the advantage of contrasting the relative paucity of evidence against them against what would presumably be the more extensive evidence against the more significantly charged defendant.

*Pelletier's Mem. in Opp'n to Gov't Supp. Mem. Regarding Severance Reply* at 1 (*Pelletier Reply* ); *see also Pascucci Reply* at 1. Also, there is the "risk of a mistrial through some piece of evidence coming in inadvertently, which is admissible as to one defendant but not as to the other." *Pelletier Reply* at 1.

### 2. Government's Position

The Government, on the other hand, has requested that the Court empanel two juries for one joint trial: one to try the case against Mr. Pelletier, and the other to try the case against Messrs. Fogg, Caparotta, and Pascucci. Under the Government's proposal, both juries would be in the courtroom most of the time, but the Court would excuse a jury before the introduction of evidence inadmissible against another defendant. The Government cites numerous considerations, including "the duplicative nature of the evidence in the two trials, the drain on its resources and those of the Court, and the relatively small amount of evidence that necessitated the separate juries...." *Gov't Supp. Mem. Regarding Severance* at 2 (Docket # 209) (*Gov't Mem.*); *see United States v. Lebron–Gonzalez,* 816 F.2d 823, 831 (1st Cir. 1987) (finding no abuse of discretion from the empanelment of two juries); *United States v. Lemieux,* 436 F.Supp.2d 129, 130 (D.Me.2006). Here, according to the Government, the evidence will be generally the same, whether as one trial or two. *Gov't Mem.* at 7. That is, it expects to call thirty to forty witnesses against Messrs. Caparotta, Fogg, and Pascucci, and about fifty against Mr. Pelletier, but many witnesses would overlap.

### III. CONCLUSION

Although a joint trial with two juries would present certain advantages and the

Court could in its discretion order a joint trial, in the circumstances of this case, the Court declines to do so. Here, the risk of inadvertent disclosure of evidence admissible against one, but inadmissible against other defendants exceeds the efficiency benefits of a joint trial. Further, the Court's calendar should allow the second trial to proceed closely upon the first. The Court ORDERS the trials severed (Docket # s 115, 124 and 130), with Mr. Pelletier to be tried first, and the second trial of Messrs. Caparotta, Fogg, and Pascucci to follow.[7]

SO ORDERED.

---

7. Mr. Dionne will also be tried in the second trial should he be apprehended prior to that time.